(No. 87-CC-0819– )

MARTIN PITTS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 23, 1999.*

DORIAN B. LASAINE & JOSEPH M. GIBSON, for Claimant.

JIM RYAN, Attorney General (BRIAN J. DEES, Assistant Attorney General, of counsel), for Respondent.

## OPINION

RAUCCI, C.J.

This cause comes on for hearing upon the Commissioner's recommendation, the Court being fully advised in the premises, the Court finds:

A hearing was held on August 13, 1998, with both parties present by their attorneys and the facts were adduced as follows:

On December 12, 1979, the Claimant was paroled from the Illinois Department of Corrections. On December 24, 1981, he was released from parole.

On April 19, 1984, parole officer Robert Ames sent a letter to the Claimant at 1027 Adams in Peoria, IL, stating that there was an error in the parole discharge date and requested the Claimant to report to the parole office. On May 7, 1984, Warrant Officer James Doss caused an arrest warrant for Claimant to be issued, alleging escape from Vandalia.

On November 3, 1984, the Claimant was arrested in Peoria County, taken into custody and held in the Peoria County Jail.

Claimant's lawyers filed a *habeas corpus* petition and he was released from custody on November 9, 1984.

The Claimant testified that during the course of his parole he met with his parole officer a total of 24 times and never gave him an address of 1027 Adams. The address he gave to his parole officer was his address of 309 Morton St. He further testified that he never received the letter of April 19, 1984.

The Claimant further testified that he was working at George's garage at the time for $325 per week and he lost that job while in custody. He also testified about the deplorable conditions at the Peoria County Jail at the time, which is undisputed as the county was in the process of building a new jail and the old jail had been condemned. He testified about the fear of being there and the fear of being returned to prison. His wife, Darlene Pitts, testified that, at the time of her husband's arrest, they had a young child confined to a wheelchair as a result of cerebral palsy and they were preparing her for surgery in December of 1984. She also testified that she

sold assets, such as a truck for $500, a stove and refrigerator for $250, a TV, a stereo and miscellaneous jewelry to hire an attorney. She testified that this totaled $3,000.

All of the Claimant's testimony was undisputed, including the facts leading up to the arrest which were introduced by stipulation.

The issue is whether the State of Illinois may be held liable for negligent false imprisonment without proving willful and wanton misconduct on the part of the State. The Claimant filed a timely brief in support of his position. The State did not file a brief in response.

Many decisions involving false imprisonment are based on the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/1 *et seq.*), under which local public entities and their employees are protected from liability arising from the operation of government, except for willful and wanton conduct. However, this Act does not include the State and, as a result, the requirement of willful and wanton conduct may not be inferred from this Act.

The Claimant makes the argument that willful and wanton conduct did occur and cites numerous cases to support his position. However, none of the cases cited are on point in this case. In any event, we find that there is no requirement of proof of willful and wanton conduct.

An illegal restraint raises the right to recover at least nominal damages so long as the restraint is shown to be improper. *Shelton v. Barry* (1st Dist., 1946), 328 Ill. App. 497, 66 N.E.2d 696.

In *Adams v. Zayre Corp.* (2d Dist., 1986), 148 Ill. App. 3d 704, 499 N.E.2d 678, 102 Ill. Dec. 121, the Appellate Court did not question the $2,500 in compensatory damages awarded for a 5 to 15 minute detention of

the plaintiff by store security personnel. And, in *Velez v. United States* (S.D.N.Y., 1988), 693 F. Supp. 51, 58, the Court awarded damages of $25,000 for a three day improper detention. The Court stated that "the principal element of damages is the loss of freedom, although the court also takes into account, to a modest degree, the fear and nervousness suffered as a result of the detention."

The Claimant proved actual damages of $3,000 plus the loss of his employment.

We find that, based upon the particular facts of this case, the Claimant is entitled to an award of $7,500.

It is therefore ordered, adjudged and decreed that Claimant is awarded seven thousand five hundred ($7,500) in full and complete satisfaction of this claim.